[Civ. No. 2685.   Fourth Dist.   Mar. 30, 1942.]

WALTER W. ANDERSON et al., Respondents, v. ROLPH L. MEUER et al., Appellants.

Holcomb, Holcomb & Kempley and Chester C. Kempley for Appellants.

Gerard Remington for Respondents.

BARNARD, P. J.—This is an appeal from a judgment quieting title to a mining claim in the plaintiffs.

The respondents Anderson and Umbach, on July 15, 1935, leased this mining claim to Rolph L. Meuer, who will be referred to as the appellant. This lease was for a term of five years with the privilege of renewal on certain conditions, and it provided that the lessee should have sixty days in which to do prospecting and such other work as he saw fit; that within sixty days he should begin ''actual mining operations'' and thereafter do a specified amount of such work each month; that he should have the right to remove all machinery and equipment upon the expiration or termination of the lease; that in the event of any default upon his part the lessors should give him thirty days written notice; and that if he failed and neglected to correct said default within thirty days the lease should terminate.

It is conceded that the time within which the appellant was required to begin actual mining operations was extended by mutual agreement to July 1, 1936. On November 8, 1936, the lessors served written notice on the appellant that he was in default in that he had not done the required work during the preceding four months and notifying him that if the default was not corrected within thirty days the lease would be terminated. On December 14, 1936, a notice that the lease was terminated was served. In March, 1937, the appellant assigned his interest in the lease to the Golden Butte Mining Company, Ltd., a limited copartnership of which he was the only general partner. In this action, which was subsequently filed, the only issues presented, as stated by counsel for the appellants, were ''whether proper notice was given after they claimed the default, and secondly if such notice was given, whether there was a default during the four months given to perform this work.'' The court found in all respects in favor of the respondents and this appeal followed.

It is first contended that the evidence does not support the finding that notice of default was given. The appellant himself testified that on or about November 8, 1936, he received a letter, although he could not remember whether or not it was registered; that ''some kind of a notice'' was enclosed in this letter; that he read the notice; that the notice specified that he was in default in the performance of his work under this lease; that it stated the exact amount of the default; that it stated that he was to remedy such default within thirty days; that four or five days later he was handed another notice; that

this second notice was to the same effect as the first; that it specified the amount of work he was in default and notified him he would have thirty days in which to remedy the default; that he paid no attention to either notice; and that he had done no "tunnel work" upon the leased property before he received this notice. This evidence sufficiently supports the finding in question.

It is next contended that the evidence does not support the court's finding that a default existed on December 14, 1936, with respect to the amount of work called for by the terms of the lease. Assuming, as appellants contend, that there is some evidence in the record which would have supported a finding to the effect that the required amount of work was done there is other evidence to the contrary which amply sustains this finding. It may be further observed that much of the evidence upon which appellant relies, if accepted as true, relates to work in the nature of prospecting, for which work the appellant had but a limited time, and not to actual mining operations within the meaning of the terms of the lease. Moreover, the record rather clearly indicates why the evidence upon which the appellant particularly relies was not accepted at face value by the court. No machinery or equipment was placed upon the leased property and the appellant was mainly engaged in working some nearby claims and in attempting to sell his interest in this claim, and the record amply sustains the court's finding that he did not comply with the terms of this lease.

The finding that the Golden Butte Mining Company, Ltd. did not acquire any right in and to this property is attacked. That partnership acquired nothing other than any interest the appellant might have, it acquired such interest with full knowledge of all of the facts, and that interest was terminated before any assignment thereof was made.

Three other points raised are entirely without merit, involve matters which were proper and which could not have affected the result, and require no detailed consideration.

A motion to dismiss this appeal on the ground that all questions are moot since the term of the lease has now expired was also submitted. While it seems probable that the lease has expired by the lapse of time and that it has not been renewed in accordance with its terms, one matter in this connection has not been presented and is not disclosed by the record before us, and for this reason we have preferred to pass upon the appeal upon its merits.

The motion to dismiss is denied and the judgment is affirmed.

Marks, J., and Griffin, J., concurred.